1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ANTOINE L. ARDDS,                        No.  2:20-cv-0133 TLN KJN P

12                    Plaintiff,

13           v.                                 ORDER

14    KENNETH MARTIN, et al.,

15                    Defendants.

16

17           Plaintiff, a state prisoner, proceeds pro se and in forma pauperis with a civil rights action

18    pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint is before the court.  As set

19    forth below, those portions of the amended pleading that do not comply with the district court's

20    July 19, 2022 order are stricken.  The undersigned finds that plaintiff states potentially cognizable

21    Eighth Amendment claims as to defendants Kieu, Lundgren, and Bogacs, who served on the

22    IDTT committee.

23    Background

24           Defendants' motion for summary judgment was granted in part and denied in part, and

25    plaintiff was granted leave to file a second amended complaint raising only Eighth Amendment

26    claims based on those allegations set forth in grievance CHCF-HC-20-000548 against only those

27    individuals who were part of the IDTT referenced therein.  (ECF No. 47 at 2; see also ECF No.

28    43 at 23-24.)  The grievance requested that the hearing officer review unit footage from August

                                                   1

27, 2019, through September 11, 2019.  (ECF No. 36-4 at 66.)  The grievance was dated

September 12, 2019.  (Id.)

Plaintiff has now filed a second amended complaint in which he identifies the members of

the IDTT Committee referenced in grievance CHCF-HC-20-000548 as Kieu, Lundgren, and

Bogacs.  (ECF No. 48 at 8.)  Only defendant Kieu has been served and appeared in this action.

Discussion

Despite the court's limiting order, plaintiff now alleges that defendants Martin and Martel

are liable based on their supervisory roles, and contends that the grievance was sufficient to put

prison officials on notice of plaintiff's allegations, reiterates his retaliation claims, attempts to add

an ADA claim and refers to other grievances.  Plaintiff claims that defendants Martel and Martin

were ineffective and failed to hold employees or staff accountable, despite plaintiff's numerous

grievances.  (ECF No. 48 at 13-14.)

However, in resolving the motion for summary judgment on exhaustion grounds, the

district court determined that this case is limited to the Eighth Amendment allegations raised in

grievance CHCF-HC-20-000548 solely as to those individuals who were members of the IDTT

committee.  (ECF No. 43 at 23-24.)  Defendants Martin and Martel were not members of the

IDTT Committee referenced in plaintiff's appeal and therefore prison officials were not put on

notice of plaintiff's claims against Martin and Martel through grievance CHCF-HC-20-000548.[1]

In such grievance, plaintiff did not include any additional facts concerning supervisory personnel

involvement or lack of action on their part concerning the alleged deprivation of mental health

services by the IDTT Committee members.  In his objections to the findings and

recommendations addressing exhaustion, plaintiff did not object that such supervisory claims

were omitted.

////

---

[1]  Indeed, after he filed the instant action plaintiff exhausted his claims as to defendant Martin in a different grievance, CHCF HC-19-002669, and the district court adopted this court's findings that plaintiff's amended complaint did not raise new claims and therefore plaintiff was required to have exhausted such claims before he filed the instant action.  (See ECF No. 43 at 17-20.)  Thus, plaintiff is required to pursue such claims against defendant Martin in a new action.

The district court determined what claims were exhausted through grievance CHCF-HC-20-000548, and limited plaintiff's amended pleading to those claims raised solely as to the members of the IDTT committee.  Thus, the undersigned finds that plaintiff's second amended complaint applies solely to those members of the IDTT involved in the Eighth Amendment allegations raised in grievance CHCF-HC-20-000548, now identified as Kieu, Lundgren, and Bogacs, as previously ordered, and strikes references to other defendants or claims not permitted by the district court order (ECF No. 47).

Screening

The second amended complaint states potentially cognizable Eighth Amendment claims for relief against defendants Kieu, Lundgren, and Bogacs pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  If the allegations of the second amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

By separate order, the court will direct service of process on defendants Lundgren and Bogacs.  Defendant Kieu shall file a responsive pleading within twenty-one days.  In light of the above orders, defendants Kieu, Lundgren, and Bogacs are relieved of any obligation to respond to plaintiff's allegations concerning retaliation or other putative claims not permitted by the district court's order.

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1.  Pursuant to the district court's July 19, 2022 order, this action proceeds solely on plaintiff's Eighth Amendment claims against members of the IDTT committee, identified by plaintiff as defendants Kieu, Lundgren and Bogacs.

2.  The court strikes plaintiff's references to defendants Martin and Martel and all other claims not permitted by the district court's prior order (ECF No. 48), and defendants Kieu, Lundgren and Bogacs are relieved of any obligation to respond thereto.

////

////

////

1    3.  Defendant Kieu shall file a responsive pleading within twenty-one days from the date

2    of this order.

3    Dated:  November 18, 2022

4

5    _____
     KENDALL J. NEWMAN
6    UNITED STATES MAGISTRATE JUDGE

7    /ardd0133.2d.AC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28