UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | No. 2:20-cv-0133 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| KENNETH MARTIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances

////

1

common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Contrary to plaintiff's statement that this case is complex because it involves a large number of claims and defendants, including ADA and RA claims, this action was significantly narrowed following resolution of defendants' motion for summary judgment on exhaustion grounds.  Although plaintiff included ADA/RA claims in the second amended complaint, plaintiff was only permitted to amend his complaint to raise Eighth Amendment claims exhausted by grievance CHCF-HC-20-000548.  Indeed, on November 21, 2022, the court struck all claims not permitted by the district court's prior order (ECF No. 48), and defendants were relieved of any obligation to respond thereto.  (ECF No. 49.)   Thus, this action now proceeds solely on plaintiff's Eighth Amendment claims as to defendants Kieu, Lundgren, and Bogacs (now known as Levine), who served on the IDTT committee, and is limited to the allegations exhausted by grievance CHCF-HC-20-000548.  (ECF No. 49 at 1-2.)

The record reflects that plaintiff has diligently prosecuted this action and is able to articulate his claims and arguments.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 62) is denied without prejudice.

Dated:  August 21, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ardd0133.31