UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTOINE L. ARDDS,

    Plaintiff,

v.

KENNETH MARTIN, et al.,

    Defendants.

No. 2:20-cv-0133 TLN KJN P

ORDER

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action brought under 42 U.S.C. § 1983. Plaintiff's fully briefed motion to compel discovery is before the court. As discussed below, plaintiff's motion is denied.

Plaintiff's Second Amended Complaint

    Plaintiff alleges that between August and November of 2019, defendants Kieu, Lundgren, and Bogacs (now known as Levin), who served on the IDTT committee, were deliberately indifferent to plaintiff's serious mental health needs and failed to protect him in violation of the Eighth Amendment.[1] (ECF No. 48.)

////

---

[1] On November 21, 2022, those portions of the amended plaintiff that did not comply with the district court's July 19, 2022 order were stricken. (ECF No. 49 at 1.) Plaintiff's prior claims against other defendants, including Eighth Amendment, retaliation, and state law claims were dismissed based on plaintiff's failure to exhaust. (ECF Nos. 43, 47.)

1

Background

On May 22, 2023, the undersigned issued a discovery and scheduling order that provides that any motion to compel discovery shall be filed by September 28, 2023. (ECF No. 59 at 5.)

On October 8, 2023, under the mailbox rule, plaintiff filed his motion to compel discovery.[2] (ECF No. 64.) Plaintiff seeks an order requiring the production of the CDCR training manual, Dr. Michael Golding's "Whistle Blower Report," and the summary of CHCF-Administrator's systemwide problems caused by "unstaffing," as well as sanctions based on the alleged failure to provide such documents. (ECF No. 64 at 1, 2.)

Defendants oppose the motion on the grounds it was untimely filed, without explanation, and, in any event, plaintiff's motion should be denied on the merits because he now seeks different documents from what was previously sought, and plaintiff failed to identify which specific request for which he seeks to compel further responses. Defendants argue that plaintiff's request for sanctions is therefore unwarranted. Instead, defendants ask that plaintiff be ordered to pay defendants' reasonable costs in opposing the motion because plaintiff made statements that are provably false yet he signed the motion under penalty of perjury.

In reply, plaintiff concedes his motion may be "a little bit late," due to limited access to the law library and legal supplies and denies making any false statement about his conversation with opposing counsel in September of 2023. (ECF No. 66 at 1.) Plaintiff states he suffers from a mental disability and may have gotten his dates mixed up. Plaintiff claims he would be willing to testify under oath as to what counsel told plaintiff off the record at plaintiff's deposition. (ECF No. 66 at 2.)

Discussion

Plaintiff's motion is untimely. Also, plaintiff failed to provide a copy of the discovery requests and responses plaintiff intended to challenge. The court is unable to evaluate plaintiff's motion without the discovery requests and responses, and without plaintiff specifically

---

[2] Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Plaintiff's motion was received by the court on October 16, 2023, and entered on the docket on October 20, 2023. (ECF No. 64.)

identifying which discovery response is at issue. Indeed, as argued by defendants, some of the items plaintiff seeks to compel were not included in the request for production of documents propounded to defendants.

Moreover, contrary to plaintiff's verified claim that defendants failed to timely respond to the discovery requests, defendants timely filed objections to plaintiff's request for production of documents on July 17, 2023. (ECF No. 65-1 at 12-17.) Defendants also provided a copy of counsel's letter to plaintiff, dated and served on July 17, 2023, informing plaintiff that the second page of the discovery request was missing, and stating that if plaintiff mailed the complete document to counsel, an appropriate response would be provided. (ECF No. 65-1 at 19.) Further, defendants provided a declaration by the mailroom supervisor at Salinas Valley State Prison, S. Benavides, who provided a copy of plaintiff's mail log confirming that plaintiff did not send counsel the missing page two. (ECF No. 65-2.)

Finally, whether counsel discussed the discovery requests with plaintiff at his deposition in September of 2023 is not relevant because by that time, the deadline for propounding discovery requests had expired (on July 31, 2023) and plaintiff had not timely rectified the failure to provide page two of his request or otherwise challenged the objections served on July 17, 2023. Plaintiff also did not seek an extension of the discovery deadline. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (showing of good cause and diligence required to modify scheduling orders).

For the above reasons, plaintiff's motion to compel further discovery responses is denied, and his motion for sanctions is also denied.

Defendants' Request for Expenses

Defendants seek reimbursement for the costs of opposing plaintiff's unjustified motion, in the amount of $1,100.00. Fed. R. Civ. P. 37(a)(5)(B).[3] Defendants highlight plaintiff's false

---

[3] "If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37)(a)(5)(B).

statement made under penalty of perjury: that defendants "waived their objections by their failure to respond timely to the request." (ECF No. 64 at 4.) Plaintiff does not specifically address this false statement, replying only that he made no false statement about his conversation with counsel in September, and that he suffers from a mental disability and "may have gotten his dates mixed up." (ECF No. 66 at 2.) Further, "getting the date wrong" does not rebut defendants' evidence that they timely objected to the request for production. Plaintiff does not otherwise address defendants' request that because plaintiff's motion was not substantially justified, the court should order plaintiff to pay defendants' reasonable expenses incurred in opposing the motion in the amount of $1,110.00. Therefore, plaintiff shall address, within thirty days, why plaintiff should not be ordered to pay defendants' reasonable expenses. Fed. R. Civ. P. 37(a)(5)(B).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 64) is denied;

2. Plaintiff's motion to impose sanctions on defendants is denied; and

3. Within thirty days from the date of this order, plaintiff shall file an opposition to defendants' request for reasonable expenses in the amount of $1,100.00.

Dated: November 28, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ardd0133.mtc

4