UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS, | No. 2:20-cv-0133 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| KENNETH MARTIN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se and in forma pauperis, with an action brought under 42 U.S.C. § 1983. Defendants' request for reasonable expenses is before the court, as is defendants' subsequent request that this action be dismissed based on plaintiff's false statements made on the record under penalty of perjury, and plaintiff's unauthorized sur-reply in which he appears to seek reconsideration of the court's order denying the motion to compel. As discussed below, defendants' request for reasonable expenses is granted, but their request that this action be dismissed based on plaintiff's false statements is denied without prejudice. Plaintiff's January 16, 2024 filing is construed as a request to reconsider the denial of the motion to compel which is also denied.

Background

Discovery closed on September 28, 2023. (ECF No. 59 at 5.) On November 28, 2023, the undersigned denied plaintiff's October 8, 2023 motion to compel as untimely, noting plaintiff also

1

failed to file copies of the discovery requests and responses for the court to evaluate. Moreover, the undersigned agreed with defendants that some of the items plaintiff sought to compel were not included in the request for production of documents propounded to defendants. (ECF No. 57 at 3.) Importantly, the undersigned found that plaintiff's motion to compel was unjustified because contrary to plaintiff's verified claim that defendants failed to timely respond to the discovery requests, defendants timely filed objections on July 17, 2023, and plaintiff failed to timely rectify his failure to provide page two of his request. (ECF No. 57.) The court also denied plaintiff's motion for sanctions to be assessed against defendants. Plaintiff was granted thirty days to file an opposition to defendants' request for reasonable expenses incurred in opposing plaintiff's unjustified motion.

The pretrial motions deadline was vacated pending resolution of the request for expenses. (ECF No. 70.)

Request for Reasonable Expenses

On December 13, 2023, plaintiff filed his opposition to the request for expenses. However, rather than address the issue of reasonable expenses, plaintiff reiterates his claims that Salinas Valley State Prison suffers custody staff shortages as well as severe library staff shortages. (ECF No. 69 at 2.) He contends that each time he presents legal mail, staff inspects it, pages are separated and put back into the legal envelope, and such activity is captured by the officer's body camera and Audio Video Surveillance System ("AVSS"). Plaintiff then states he found a different way to obtain the information he sought, and objects that CDCR and defendants refused his settlement offer. (ECF No. 69 at 3.) Plaintiff claims he did not request anything the law did not require defendant to produce and he "should not be punished for making such request." (Id.) He states he is not trying to delay or harass defendants or the court and has a limited supply of paper and envelopes.

After receiving an extension of time, defendants filed a reply. (ECF No. 74.) Defendants point out that plaintiff failed to show that his motion to compel was substantially justified or that other circumstances make the award of fees and costs unjust. Defendants concede that plaintiff's claims cannot be dismissed if he fails to pay. (ECF No. 74 at 2.) However, because monetary

awards against indigent prisoners do not serve as a deterrent, defendants suggest three alternative ways the court might recommend dismissing this action due to plaintiff's verified factual misrepresentations made under penalty of perjury. (Id.)

Under Federal Rule of Civil Procedure 37(a)(5)(A), if the Court grants the motion to compel or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order this payment if, among other things, the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).

Plaintiff utterly fails to address the issue of reasonable expenses. Further, plaintiff's response does not explain why he declared defendants failed to respond when they did and does not explain why he failed to provide the missing page when he was informed by defendants that the page was missing. Plaintiff's general complaints about limited law library access and limited supply of paper and envelopes do not explain his false statement made under penalty of perjury in the motion he filed with the court. Moreover, given his response, it does not appear that he takes seriously that he made a false statement in a court filing or that he brought an unjustified motion.

The undersigned has considered plaintiff's pro se status. However, pro se litigants are required to comply with discovery rules and court orders and "are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); see also Crockett v. City of Torrance, 2012 WL 6874724, at *4 (C.D. Cal. Nov. 21, 2012) ("Plaintiff's pro se status does not exempt him from compliance with discovery procedures or any other procedural requirements in this case."). Also, "[t]he indigent status of a party may be a factor in determining whether to award expenses as a sanction for discovery misconduct, but it will not necessarily preclude imposition of the sanction." 2 Discovery Proceedings in Federal Court § 22:31 (3d ed.). Other courts have awarded limited discovery sanctions against indigent pro se litigants in the form of expenses incurred by the moving party resulting from the failure to comply with discovery. See Hernandez v. Ogboehi, 2022 WL 172846 (E.D. Cal. 2022 Jan. 19, 2022) (granting defense

motion to compel and requiring pro se prisoner plaintiff proceeding in forma pauperis to reimburse defendants $1,900.00 for costs incurred in filing motion); Henderson v. LOR, 2019 WL 541014 (E.D. Cal. Feb. 11, 2019) (awarding reasonable expenses of $490.00 and recommending terminating sanctions).

Plaintiff failed to demonstrate that the motion to compel was justified and he made a provably false statement in support thereof. Despite being provided an opportunity to do so, plaintiff failed to demonstrate that an award of expenses would be unjust, and the court finds no other circumstances make the award of expenses unjust. Defendants' counsel spent in excess of five hours reviewing plaintiff's motion to compel and preparing the opposition and does not include time expended by other legal staff. (ECF No. 65-1 at 2.) Attorneys in the Office of the Attorney General bill an hourly rate of $220.00. (Id.)

To determine if the amount requested is reasonable, courts use the lodestar method which multiplies the number of hours reasonably expended by counsel by the reasonable hourly rate. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013); Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The court finds that the rate of $220.00 per hour for the services of defense counsel is reasonable. Defendants are only seeking to be reimbursed for the time spent in preparing their opposition to plaintiff's motion to compel. Also, the court finds that five hours is a reasonable amount of time for preparing such opposition. Therefore, the court awards attorney's fees in the amount of $1,100.00 to defendants for the costs incurred due to plaintiff filing an unjustified motion to compel discovery responses.

Defendants' Request for Terminating Sanctions

In their reply, defendants argue that plaintiff's misrepresentations violated Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 74 at 6.) In addition to plaintiff's false claim that defendants failed to respond to plaintiff's discovery request, defendants point out that plaintiff also falsely claimed defense counsel failed to respond to plaintiff's attempt to meet and confer about deficiencies in the discovery responses. Defendants argue that because plaintiff intentionally made misrepresentations to the court in an effort to obtain documents and sanctions

////

against defense counsel, the court should consider dismissing this action as a sanction for such misrepresentations.

However, as defendants concede, dismissing this action as a sanction was not previously argued by defendants. While this court has the authority to impose sanctions sua sponte, or to issue an order to show cause or further briefing order regarding Rule 11 sanctions, the undersigned declines to do so. The court does not condone pro se prisoners making false statements in support of their motions, but dismissing this action is a very harsh penalty. Plaintiff has already sustained an order denying his motion for discovery, as well as the imposition of $1,100.00 in expenses. That said, plaintiff is cautioned that he should not sign documents under penalty of perjury unless all of the statements included therein are true and correct. Plaintiff is warned that failure to do so will result in a recommendation that this action be dismissed.

Plaintiff's Recent Filing

On January 16, 2024, plaintiff filed a document styled, "Declaration of Plaintiff and Memorandum of Points and Authorities in Support of Plaintiff's Objections and [Opposition to] Defendants' Request for Expenses." (ECF No. 75 at 1.)

First, to the extent plaintiff is attempting to file another response to the request for expenses, such response is not authorized and was not timely filed. Plaintiff had an opportunity to address the request for expenses when he filed his reply to defendants' opposition to plaintiff's motion to compel, and in response to this court's November 28, 2023 order. No additional briefing was ordered and is disregarded.

Second, given the content of plaintiff's filing, the undersigned construes the filing as plaintiff's request for reconsideration of the order denying his motion to compel.

In his filing, plaintiff recites instances of delays incurred in his other cases, ostensibly to support his claim that defendants' counsel has unreasonably delayed this action. Plaintiff reiterates that he did not have proper access to the law library. He argues that defendants' counsel should have obtained body cam footage to support the claim that a page was missing from the discovery request. Plaintiff contends defendants' counsel continues to demonstrate intentional prejudice with an intent to harass, intimidate and threaten plaintiff due to plaintiff

5

being an ADA protected class member at the EOP level of mental health care in hopes that plaintiff will drop this case, citing plaintiff's Exhibit B, and references counsel's "harassment, threats and unethical behavior," citing plaintiff's Exhibit C. (ECF No. 75 at 6-7.) Plaintiff contends that the information he sought was not reasonably accessible to plaintiff due to the expense, and counsel bore the burden to demonstrate otherwise. Plaintiff argues that the court is required to apply Rule 1 of the Federal Rules of Civil Procedure, and that his motion to compel was substantially justified "due to the counsel to produce documents upon a second and third request." (ECF No. 75 at 8.) Plaintiff moves the court to have defendants produce the documents requested and to pay plaintiff reasonable expenses in the amount of $1,500.00. (ECF No. 75 at 9.)

Pursuant to Local Rule 230(j):

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
>
> (1) when and to what Judge or Magistrate Judge the prior motion was made;
>
> (2) what ruling, decision, or order was made thereon;
>
> (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and
>
> (4) why the facts or circumstances were not shown at the time of the prior motion.

Id.

Plaintiff's filing does not comply with Local Rule 230(j). Specifically, plaintiff does not identify what new or different facts or circumstances warrant reconsideration and why they were not addressed in his motion to compel. Plaintiff fails to demonstrate how the alleged delays are relevant to the motion to compel. Importantly, review of the court record does not support plaintiff's claim that counsel has unduly delayed this action. Moreover, while this case was filed in 2020, plaintiff amended the complaint twice, and the case essentially started over with his

second amended complaint filed on August 24, 2022. Further, the exhibits cited by plaintiff do not demonstrate any attempt by defendants' counsel to harass, intimidate or threaten plaintiff, and such letters do not demonstrate any unethical behavior on counsel's part. Plaintiff should refrain from making such unsubstantiated claims in court filings. Plaintiff cites his failed bid to settle this action, but plaintiff is advised that no party is required to settle a lawsuit. Finally, discovery closed on September 28, 2023, and plaintiff's request for $1500.00 in expenses is wholly unsupported and unwarranted.

Because plaintiff failed to demonstrate sufficient grounds to reconsider the November 28, 2023 order denying his motion to compel, the motion for reconsideration is denied.

<u>Pretrial Motions Deadline</u>

Discovery is closed. Now that the issue of reasonable expenses is resolved, the pretrial motions deadline is reset to March 22, 2024. In all other respects the May 22, 2023 discovery and scheduling order remains in effect. (ECF No. 59.)

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for reasonable expenses (ECF No. 65) is granted;

2. Plaintiff shall promptly pay defendants' counsel $1,100.00 for the reasonable expenses incurred in defending the October 16, 2023 motion to compel;

3. Defendants' request that the court sanction plaintiff by recommending dismissal of this action is denied without prejudice;

4. Plaintiff's January 16, 2024 filing (ECF No. 75) is construed as a motion to reconsider the order denying plaintiff's motion to compel, and the motion is denied; and

5. The pretrial motions deadline is reset to March 22, 2024. In all other respects the May 22, 2023 discovery and scheduling order remains in effect (ECF No. 59).

Dated: January 22, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ardd0133.mtc.exp