UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE L. ARDDS,<br><br>        Plaintiff,<br><br>    v.<br><br>V. KIEU, et al.,<br><br>        Defendants. | No.  2:20-cv-0133 TLN CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff renews his motion for appointment of counsel. As discussed below, plaintiff's motion is denied, but plaintiff is granted an extension of time to file objections to the pending findings and recommendations.

Background

On January 16, 2025, the Court recommended that defendants' motion for summary judgment be granted, and denied plaintiff's motion for appointment of counsel. (ECF No. 90.) The parties were granted fourteen days to file objections to the findings and recommendations. (Id.)

Discussion

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional

1

circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff has progressive kidney failure and has been in and out of the hospital. (ECF No. 91 at 1.) He renews his motion for appointment of counsel based on the recent placement of an AV fistula in his dominant arm which limits the amount of time he can write. (Id. at 2.)

As noted above, the Court recently recommended that defendants' motion for summary judgment be granted, and denied plaintiff's motion for appointment of counsel. While the Court is sympathetic to plaintiff's medical issues, the Court has considered the factors under Palmer, and does not find that exceptional circumstances warrant the appointment of counsel. Instead, the Court grants plaintiff an extension of time to file objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 91) is denied without prejudice.
2. Plaintiff is granted thirty days from the date of this order in which to file objections to the pending findings and recommendations (ECF No. 90).

Dated: January 24, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/ardd0133.31.new